ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* ROBINSON.

Opinion delivered May 2, 1910.

MASTER AND SERVANT—LIABILITY FOR SERVANT'S NEGLIGENCE.—A master is not liable for the negligence of his servant in the matters outside of his employment. Thus, where a railway employee negligently permitted a child to ride on a handcar on a Sunday, when he was not engaged in work for the railway company, the latter will not be liable for the child's death caused by falling from the handcar.

Appeal from Chicot Circuit Court; *Henry W. Wells,* Judge; reversed.

*W. E. Hemingway, E. B. Kinsworthy, E. A. Bolton* and *James H. Stevenson,* for appellant.

The verdict is not sustained by any evidence of negligence on the part of appellant. 59 Ark. 295; 153 Mass. 191; 69 Pa. 210. A railway is bound for the tortious acts of its employees only when they are in the line of its service. 87 Ark. 540; 81 Ark. 369; 65 Fed. 969; 66 Mo. 572; 3 Ell. on Rds. § 1255; 75 N. H. 111; 71 Atl. 535; 21 L. R. A. (N. S.) 93; 122 App. Div. 590; 107 N. Y. 530; 127 App. Div. 580; 111 N. Y. S. 1057; 123 App. Div. 579; 108 N. Y. S. 228; 19 L. R. A. (N. S.) 235; 71 Atl. 296; 103 App. Div. 577; 93 N. Y. S. 161; 94 N. Y. S. 771; 103 N. W. 946; 59 S. E. 338; 217 Pa. 339; 10 L. R. A. (N. S.) 202; 35 Pa. Sup. Ct. 69; 6 C. & P. 501; 75 Conn. 718; 55 Atl. 561; 116 La. 550; 40 So. 894; 73 Conn. 338; 47 Atl. 681; 47 App. Div. 159; 62 N. Y. S. 208; 109 N. C. 152; 13 S. E. 702. In law there is no such thing as unconscious pain and suffering. 68 Ark. 1.

*B. F. Merritt,* for appellee.

Whether a particular act was or was not done in the line of the servant's duty is a question to be determined by the jury. 40 Ark. 324; 48 Ark. 181; 42 Ark. 542; 89 Ark. 92. The jury are the sole judges as to whether a child's contributory negligence was the cause of the injury. 55 Ark. 254; 59 Ark. 185; 63 Ark. 185; 77 Ark. 395; 88 Ark. 484.

FRAUENTHAL, J. This was an action instituted by Crawford Robinson against the St. Louis, Iron Mountain & Southern Railway Company to recover damages which he alleged that

he sustained by reason of the negligent killing of his son, Joe Robinson, who was a minor. The appellant maintains a station at Macon Lake, a point upon its line of railroad, at which one of its section foremen resided. On the afternoon of Sunday, July 21, 1907, this section foreman requested some men to take the handcar and get a keg of water for him. The day being Sunday, the section foreman was not engaged during the entire day in performing any work for the appellant. The handcar was situated on an offset or spur on the side of the railroad track, and had been locked to the rails, and not used during the entire day for the purposes of appellant. The men got the handcar, and placed it on the railroad track to proceed to the place where the water was located—about 300 yards from the station. A number of boys were lingering about the station, amongst whom was Joe Robinson, who was twelve years old. When the men started the handcar, these boys got on it for the purpose of taking a ride. There is a sharp conflict in the testimony as to whether or not the section foreman permitted these boys to ride on the car; but the testimony on the part of the appellee establishes the fact that he permitted them to do so. After the water was secured, and while they were returning to the station upon the handcar, the boy, Joe Robinson, fell therefrom. The car ran over him, and he was so seriously injured that he died from the effect of this injury on the following day. There is a conflict in the evidence as to the manner in which the injury occurred. Some witnesses on the part of the appellant testified that the boy jumped from the car just as it neared the station and had slackened its speed, and that after jumping from the car he fell under its wheels. The testimony on the part of the appellee, however, establishes the fact that the car was going at a high rate of speed, and that the boy fell off the car without any fault on his part.

The uncontroverted testimony, however, establishes the fact that the section foreman was not on that day (which was Sunday) engaged in work of any kind for appellant. He sent for the water for his sole private use at his house. The men whom he requested to go after the water were not in appellant's employ. The foreman had no authority to employ these men for this purpose; and he had no authority from, nor was there any

custom of, the appellant to permit boys to ride on its handcars. The procurement of the water was not for the benefit of the appellant or for any of its employees while engaged in work for it, but was solely for the independent purpose and use of Williams, the section foreman.

A verdict was returned in favor of appellee for $1,500, and from the judgment entered thereon the railroad company has prosecuted this appeal.

We do not think that it is necessary to set out the instructions that were given by the lower court or which were refused, and the rulings thereon of which appellant complains, because we are of the opinion that, under the uncontroverted testimony, the appellant was not liable for the unfortunate accident which resulted in the death of the boy, and therefore the appellant was entitled to the peremptory instruction in its favor which it asked.

In the case of *Railroad Company* v. *Dial,* 58 Ark. 318, a boy fifteen years old, at the request of the conductor of a freight train, mounted one of the box cars and undertook to throw off the brake on the car. While thus engaged, he was injured by striking his head against an iron bridge as the car was moving under it. In that case it was held that the railroad company was not liable on account of the permission or direction of the conductor to the boy to go upon the car, because the conductor had no express or implied authority to employ the boy or to direct or permit him to go upon the car. In that case it was further held that the proof showed that the conductor had no power to employ brakemen, and that it was not within the scope of his authority or employment to direct boys to assist the regularly employed brakemen of the company, or to direct them to go upon the cars, and that the company could not be bound and thus made liable for the act of the conductor in so doing.

In the case of *Railway Company* v. *Bolling,* 59 Ark. 395, a child of tender years was taken on a handcar at the direction of a section foreman, and received injuries while riding thereon. At the time of the injury the section crew who were propelling the car were not engaged in any work for the benefit of the company, but were bent on purposes solely their own. In that case this court held that the railway company was not liable

for any injuries which the child received by reason of any negligence on the part of the section crew in charge of the handcar. In speaking of the liability of the railway company for the act of a servant done without the scope of his authority and employment the court, quoting from approved authority, says: "The true rule is that the master is only responsible so long as the servant can be said to be doing the act, in the doing of which he is guilty of negligence, in the course of his employment as servant. Thus it will be seen that, in the absence of express orders to do an act, in order to render the master liable, the act must not only be one that pertains to the business, but must also be fairly within the scope of the authority conferred by the employment." In the case of *Sweeden* v. *Atkinson Improvement Co.*, 93 Ark. 397, a child was invited into a passenger elevator by a servant of the defendant for the purpose of taking her for a ride, and was injured thereby. It was held in that case that this act of the servant was not in the line of his employment, and was unauthorized by the master, and was for the purpose of carrying out the independent object of the servant; and that the defendant was not liable for injuries received by the child through the negligence of the servant. In that case we said: "It will thus be seen that the test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether it was done while carrying out the object and purpose of the master's business; for, if the act was done without authority and solely for purposes exclusively the servant's, then the master is not liable during such time that such acts are done. During such time he steps aside from his master's business and his employment."

In the case at bar the undisputed evidence shows that the section foreman during the entire Sunday upon which the injury occurred was not engaged in any work for the appellant. In sending after the water he was carrying out an object that was solely his own and exclusively for his own benefit. He was not authorized to permit boys to ride on the handcar, and it was not within the apparent scope of his authority to do so; and it was not the custom of the company to allow this to be done. The men who were actually propelling the car at the time of the injury were not in the employment of appellant;

and, if the injury occurred through any negligence on their part, the appellant cannot be held responsible therefor. Nor can the appellant be held liable for the act of the section foreman in permitting the boy to ride on the handcar. This permission was outside the scope of his employment and authority; it was connected with an act that was done for the exclusive benefit and purpose of the section foreman, and during a time when he had stepped aside from the business of the appellant and his employment.

The judgment is reversed, and the cause dismissed.